UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM CHASE DEASON,

    Plaintiff,

v.                                                                Case No.: _____

OUTLAW RENTALS, INC.; CLASSY
CYCLES, INC.; and COLLEEN SWAB,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, William Chase Deason, by and through his undersigned counsel, and hereby files this Initial Complaint against defendants, Outlaw Rentals, Inc.; Classy Cycles, Inc.; and Colleen Swab, and alleges:

### I. Jurisdiction and Venue

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal

jurisdiction in this district.

## II.  Parties

3. At all times relevant hereto, plaintiff, William Chase Deason (hereinafter at times "Deason"), was an employee of defendants.

4. At all times relevant hereto, defendant Outlaw Rentals, Inc. (hereinafter at times "Outlaw") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant Outlaw is subject to, and not exempt from, the FLSA.

6. At all times relevant hereto, defendant Classy Cycles, Inc. (hereinafter at times "Classy Cycles") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

7. Defendant Classy Cycles is subject to, and not exempt from, the FLSA.

8. Defendant Colleen Swab (hereinafter at times "Swab") was at all times relevant hereto an officer and at least partial owner of both Outlaw and Classy Cycles, exercised control over Outlaw's and Classy Cycles' operations, and played a substantial role in determining the terms and conditions of plaintiff's employment with Outlaw and Classy Cycles.

9. Defendant Swab is subject to, and not exempt from, the FLSA.

10. Additionally, defendants were engaged in related activities which were performed through unified operation and common control for a common business purpose of offering and/or renting transportation vehicles to the general public at multiple locations in and around Bay County, Florida operating under various names but jointly advertising their services and jointly employing personnel. Defendants were thus part of a joint "enterprise" as that term is used in the FLSA.

### III. Factual Allegations

11. Deason began working for defendants in Panama City Beach, Florida on or about January 25, 2022. At all times material hereto thereafter, he was jointly employed by defendants.

12. In his employment with defendants, Deason primarily served as a driver transporting vehicles/equipment between defendants' eight (8) locations in

and around Bay County, Florida, retrieving inoperable vehicles/equipment, and performing other duties as assigned.  At other times, however, he would be assigned to work at one of defendants' locations.

13.	Plaintiff and defendants agreed he was an hourly employee who was to be compensated at an hourly rate for his hours worked.

14.	In addition to his hourly wage, Deason was eligible to receive bonuses for reporting damage to rented vehicles upon their return, meeting certain sales goals when he was performing in a non-driver role, and making other goals when acting as a driver.

15.	At times, Outlaw would pay plaintiff his wages and bonus, while at other times Classy Cycles would pay him.  Swab would sometimes deliver Deason's paycheck to him personally.

16.	At all times material hereto plaintiff was an "employee" of Outlaw within the meaning of the FLSA.

17.	At all times material hereto plaintiff was an "employee" of Classy Cycles within the meaning of the FLSA.

18.	At all times material hereto plaintiff was an "employee" of Swab within the meaning of the FLSA.

19.	At all times material hereto defendant Outlaw was an "employer" of

plaintiff within the meaning of the FLSA.

20. At all times material hereto defendant Classy Cycles was an "employer" of plaintiff within the meaning of the FLSA.

21. At all times material hereto defendant Swab was an "employer" of plaintiff within the meaning of the FLSA.

22. During his employment with defendants, plaintiff routinely worked in excess of 40 hours per week. Nevertheless, despite plaintiff's objections, defendants failed to pay plaintiff premium pay for his overtime hours worked, instead only paying him straight time for his overtime labor. Moreover, this practice persisted despite plaintiff's objections to Swab.

23. Plaintiff remained an employee of defendants until on or about October 27, 2022.

### IV. *Violation of Fair Labor Standards Act* *(Overtime)*

24. Plaintiff realleges and incorporates herein paragraphs 1 through 23, above.

25. Defendants are subject to, and not exempt from, the provisions of the FLSA.

26. Plaintiff was entitled to, and not exempt from, the protections and

provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

27. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff's overtime wages when he worked in excess of forty (40) hours in a workweek.

28. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay him overtime wages as owed. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

29. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his overtime labor at the legally required rate.

30. Moreover, plaintiff has had to retain an attorney in order to collect the legally required overtime wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which he may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net